I respectfully dissent from the decision of the majority. In this case, Yolanda Sabur presented evidence that El-Zant was repeatedly abusive towards her during the course of their marriage. The majority writes that the trial court did not abuse its discretion in failing to extend the civil protection order to the minor child, Ailaa, because "the record here does not indicate any incidents of violence directed toward Ailaa or contain any evidence demonstrating that visitation with the non-custodial parent would cause harm to Ailaa." While it is true that there is no evidence that El-Zant ever physically harmed Ailaa, I cannot agree that visitation with El-Zant would not be harmful to her.
The evidence revealed that, while Ailaa was being returned to Sabur after a scheduled visitation, El-Zant threatened Ailaa saying "I'm going to kick your ass" and asking "Do you know how easy it is to get a gun?" The incident took place in front of three and one-half year old Ailaa. The impact of such an acrimonious atmosphere upon the child cannot be underestimated. The law does not require that Ailaa be placed in physical danger as it is clear that the negative effects of emotional trauma can be just as devastating. The fact that El-Zant would use profanity and threaten violence against his wife in front of the child reveals, at best, an insensitivity to the feelings of the child, and at worst, a complete disregard for the child's feelings. The fact that he was at a police station did not deter El-Zant from threatening violence toward his wife which demonstrates that controlled drop-off procedures are not enough to ensure a harmonious transfer of the child for visitation. "If there is clear and convincing evidence to show that visitation may present a significant risk of serious emotional or physical harm to the child, the court may deny visitation." Reese v. Reese (May 22, 1997), Cuyahoga App. No. 71336, unreported. See also Pisani v.Pisani (Jan 25, 1996), Cuyahoga App. No. 67814, 68044, unreported (citations omitted).
The majority also mentions the fact that Sabur signed a visitation agreement with El-Zant several weeks after the November 23, 1997 incident at the police station. However, Sabur's decision to sign the agreed visitation agreement should not be construed as acquiescence that visits with El-Zant would not be harmful to Ailaa. During oral argument and in an affidavit filed in this court, Sabur's attorney argued she attempted to raise the issue of El-Zant's violence at the December 23, 1997 visitation hearing. However, the magistrate told her that the violence issue was not properly before him and had to be raised in a petition for a protection order. According to Sabur's attorney, the magistrate stated that, if a civil protection order was issued, any decision made by him in the visitation hearing would be moot. Sabur's attorney averred that she encouraged her client to sign the interim agreement in order to end the visitation hearing which lasted until late in the afternoon. It is clear that Sabur intended to raise the issue of El-Zant's violence and, in fact, did so in her subsequent petition for a civil protection order.
In my opinion, El-Zant's visitation with Ailaa should have been discontinued in order to protect the best interests of the child. Accordingly, I dissent.